Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARIA FRANCISCO, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, WILLIAM FRANCISCO, *v.* OAKLAND GOLF CLUB, Employer, and STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — when incorporated golf club not engaged in business for pecuniary gain — when such corporation not liable under statute for death of person employed as cook.**

A golf club incorporated under the Membership Corporations Law, which is maintained exclusively for social purposes and distributes no dividends to its members, is not carrying on a business for pecuniary gain within the meaning of subdivision 5 of section 3 of the Workmen's Compensation Law, and hence is not liable under said law for the death of a cook, caused by the explosion of an alcohol stove in the kitchen of a restaurant maintained by it.

APPEAL by the defendants, Oakland Golf Club and another, from a decision and award of the State Industrial Commission, made on the 5th day of January, 1920, and entered in the office of said Commission.

*Neile F. Towner*, for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

The deceased employee was a cook in the employment of a membership corporation known as the Oakland Golf Club, which was in possession of a golf course and club house the use of which was free to all members. In the club house a

restaurant was maintained on the *a la carte* plan for members and their guests. While the deceased was at work cooking a chicken in the kitchen of the restaurant he was fatally burned by the explosion of an alcohol stove. The club was maintained exclusively for social purposes and to provide members with opportunities to engage in the game of golf and other outdoor sports. It was supported by annual dues paid by members, and was not engaged in any business enterprise whatsoever. Even its restaurant, which was operated to promote the social activities of the club, was so conducted that its yearly disbursements for maintenance ·exceeded its yearly receipts. No dividends were distributed by the club to its members, nor was it within the contemplation of its organizers or members that dividends should ever be paid. It is entirely clear, therefore, that the deceased employee was not employed in a trade, business or occupation carried on by his employer for pecuniary gain within the meaning of subdivision 5 of section 3 of the Workmen's Compensation Law. An award for his death, therefore, should not have been made.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.